**LIBERTY MUTUAL INSURANCE COMPANY, Plaintiff–Appellee**

v.

**LINN ENERGY, L.L.C.; Linn Operating, Incorporated, Defendants–Appellants.**

**No. 13–20578.**

United States Court of Appeals, Fifth Circuit.

June 30, 2014.

Robert A. Kole, Choate, Hall & Stewart, L.L.P., Boston, MA, James Terry Bailey, Galloway, Johnson, Tompkins, Burr & Smith, Houston, TX, for Plaintiff–Appellee.

John Louis Hagan, Jackson, Gilmour & Dobbs, P.C., Aaron Michael Streett, Michelle Shamblin Stratton, Baker Botts, L.L.P., Houston, TX, for Defendants–Appellants.

Before SMITH, WIENER and PRADO, Circuit Judges.

PER CURIAM: *

In this declaratory judgment action, the district court summarily determined that the commercial insurance policy Plaintiff–Appellee Liberty Mutual Insurance Company ("Liberty Mutual") issued to Defen-

dants–Appellants Linn Energy, L.L.C. and Linn Operating, Incorporated (together, "Linn") did not require Liberty Mutual to defend and indemnify Linn in an underlying lawsuit pending in Louisiana state court (the "Louisiana lawsuit"). The complainants in the Louisiana lawsuit allege that Linn's pipeline leaked saltwater, brine, and other contaminants, polluting their property.

On appeal, Linn challenges the district court's conclusion that no defense and indemnity are owed because a coverage-adding endorsement, the "UREC,"[1] does not supersede a coverage-excluding endorsement, the "TPE."[2] According to Linn, the district court erred because its holding allows the TPE to nullify a portion of the supplemental coverage the UREC was specifically designed to add to the policy. Having reviewed the record on appeal, including the relevant policy language and the parties' briefs, the applicable law, and the district court's summary judgment order, we disagree with Linn. We therefore affirm for essentially the same reasons given by the district court.

Under Texas law, which the parties agree applies in this diversity action, two provisions of an insurance policy are irreconcilable only when they contradict to the point that one would completely "negate or render superfluous the additional coverage" provided by the other.[3] Reading the instant TPE to exclude the pollution-caused property damage alleged in the Louisiana lawsuit does not render the UREC wholly meaningless. This is because the UREC still provides coverage for all non-pollution property damage, such as the depletion of a reservoir.

We conclude that the policy is unambiguous in expressing an intention for this result. Indeed, the TPE is exactly what it purports to be: a total *pollution* exclusion. It does not, however, exclude the UREC's coverage of non-pollution damage. Consequently, the endorsements co-exist harmoniously.

Both the Texas Supreme Court and this court have held that largely identical pollution exclusions are clear, unambiguous, and absolute.[4] Linn's proposed interpreta-

---

**1.** The UREC, or Underground Resources and Equipment Coverage endorsement, extends coverage to include "property damage" to specific types of underground resources.

**2.** The TPE, or Total Pollution Exclusion endorsement, excludes coverage for "property damage" that "would not have occurred in whole or in part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of 'pollutants' at any time."

**3.** *Mid–Continent Cas. Co. v. Bay Rock Operating Co.*, 614 F.3d 105, 115 (5th Cir.2010); *see also Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 559 (5th Cir.2004) ("If we were to accept NAICO's argument here, the $2 million coverage limit would render the entire Saline Endorsement meaningless because essentially everything covered by the endorsement would necessarily be excluded by the Pollution Exclusion clause."); *W. Heritage Ins. Co. v. Magic Years Learning Ctrs. &*

*Child Care, Inc.*, 45 F.3d 85, 89 (5th Cir.1995) ("The physical/mental abuse endorsement would be meaningless with respect to claims of physical abuse if the assault and battery exclusion were applicable. The assault and battery exclusion is trumped by this special endorsement.")

**4.** *See, e.g., Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. CBI Indus., Inc.*, 907 S.W.2d 517, 521–22 (Tex.1995) ("On its face, the language of the policies is clear and not patently ambiguous.... Most courts which have examined the same or substantially similar absolute pollution exclusions have concluded that they are clear and unambiguous. This pollution exclusion is just what it purports to be—absolute." (citation and internal quotation marks omitted)); *Certain Underwriters at Lloyd's London v. C.A. Turner Constr. Co., Inc.*, 112 F.3d 184, 188 (5th Cir.1997) ("This language is not ambiguous; a plain reading of the clause dictates the conclusion that all

tion, which would allow the UREC to trump the TPE, would rob the latter of its meaning in contravention of the policy's plain language.

Accordingly, the district court's judgment in favor of Liberty Mutual is AFFIRMED.

damage caused by pollution, contamination, or seepage is excluded from coverage.").